**RECORD NO. 15-4730**

In The
# United States Court Of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**ANDREW LEE GRANT,**

*Defendant – Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT RICHMOND

_____

## BRIEF OF APPELLANT

_____

Lawrence H. Woodward, Jr.
SHUTTLEWORTH, RULOFF, SWAIN,
  HADDAD & MORECOCK, PC
317 30th Street
Virginia Beach, VA  23451
(757) 671-6047

*Counsel for Appellant*

# **TABLE OF CONTENTS**

**Page:**

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

NATURE OF THE BRIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      Statement of Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           The Charge and Plea Agreement. . . . . . . . . . . . . . . . . . . . . . . . . . . 3

           The Plea Colloquy.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

           The Presentence Report and Sentencing Hearing. . . . . . . . . . . . . . . 7

SUMMARY OF ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     I.     MR. GRANT DID NOT KNOWINGLY AND VOLUNTARILY
           WAIVE HIS RIGHT TO APPEAL HIS SENTENCE. . . . . . . . . . . . . 8

           A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

           B.    Discussion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

     II.    WHETHER THE FACTS OF THIS CASE SUPPORTED THE
           APPLICATION OF THE CAREER OFFENDER
           ENHANCEMENT UNDER THE SENTENCING
           GUIDELINES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      B.    Discussion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Anders v. California*,
　　386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 13

*Johnson v. Zerbst*,
　　304 U.S. 458 (1938). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Attar*,
　　38 F.3d 727 (4th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Blick*,
　　408 F.3d 162 (4th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Broughton-Jones*,
　　71 F.3d 1143 (4th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Brown*,
　　232 F.3d 399 (4th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Cohen*,
　　459 F.3d 490 (4th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Davis*,
　　954 F.2d 182 (4th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. General*,
　　278 F.3d 389 (4th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*United States v. Manigan*,
　　592 F.3d 621 (4th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Olano*,
　　507 U.S. 725 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Strieper*,
    666 F.3d 288 (4th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Wessells*,
    936 F.2d 165 (4th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Wiggins*,
    905 F.2d 51 (4th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes:**

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3553. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

18 U.S.C. § 3742(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 3742(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

21 U.S.C. § 841. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Sentencing Guidelines:**

U.S.S.G. § 2D1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

U.S.S.G. § 4B1.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 11

U.S.S.G. § 4B1.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## NATURE OF THE BRIEF

This brief is submitted to the Court pursuant to the holding of *Anders v. California*, 386 U.S. 738 (1967). Counsel for the appellant has carefully reviewed the record and has not found any grounds for appeal that he perceives to be meritorious. Counsel has set forth below the only arguments that he believes present any arguable basis for relief, and the factual bases supporting the arguments. Should the Court, after its own review of the record, determine that briefing on additional issues is necessary, counsel stands ready to provide that briefing.

Undersigned counsel Lawrence H. Woodward, Jr. has advised the appellant in writing of the nature of this brief and has informed him that the Court will give him the opportunity to file his own brief. Counsel has also sent a copy of this brief and of the Joint Appendix to the appellant, as indicated in the certificate of service for the brief.

## STATEMENT OF JURISDICTION

The district court had jurisdiction over this federal criminal case pursuant to 18 U.S.C. § 3231. That court entered the judgment of conviction and sentence on October 16, 2015. (DK #25) Andrew Lee Grant filed his notice of appeal on November 13, 2015. (DK #28) The Court deemed this notice to be filed timely. Therefore, this Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

1

## STATEMENT OF THE ISSUES

I.   Whether Andrew Lee Grant knowingly, intelligently, and voluntarily waived his right to appeal the sentence imposed on him?

II.  Whether the facts of this case supported the application of the career offender enhancement under the sentencing guidelines?

## STATEMENT OF THE CASE

Andrew Lee Grant pled guilty to one count of distribution of heroin in violation of 21 U.S.C. § 841, pursuant to a written plea agreement. (DK #14) During his plea proceeding, the district court specifically informed Mr. Grant about the waiver of appeal of both his conviction and sentence contained in the plea agreement. The court also determined, after questioning Mr. Grant, that he was competent to enter the plea and did so knowingly and voluntarily.

At sentencing, the district court determined that the advisory guideline range was 151-188 months, without objection from either the defense or the government. The guideline calculations resulting in that range was based on the determination that the defendant was a career offender pursuant to U.S.S.G. § 4B1.1. The defense requested a downward variance to a sentence of 63-78 months. The United States requested a sentence within the guideline range of 151-188 months. The Court granted the request for a variance and imposed a sentence of 120 months.

## Statement of Facts

<u>The Charge and Plea Agreement</u>

Andrew Lee Grant pled guilty to one count of the indictment against him, that count charged him with distribution of heroin, in violation of 21 U.S.C. § 841. (DK #1 pgs. 1-3) The statement of facts signed by Mr. Grant and adopted by the court established that the defendant was guilty of the offense (DK #33 pg. 8 and DK #19 pgs. 4-5). Specifically, the parties agreed that Mr. Grant made several controlled deliveries of narcotics to cooperating witnesses.

Mr. Grant entered his plea pursuant to a written plea agreement. (DK #14) In exchange for his guilty plea to Count One of the indictment, the government agreed to dismiss the remaining counts of the indictment.

The plea agreement spelled out the penalties for violating 21 U.S.C. § 841, and spelled out the appeal rights that Mr. Grant would give up by pleading guilty. (DK #14 pgs. 1, 3) The agreement also generally described federal sentencing procedure. (DK #14 pgs. 2-3) The agreement further provided for payment of the mandatory special assessment. (DK #14 pg. 10)

Paragraph 6 of the plea agreement provided that Mr. Grant would waive his right to appeal his conviction and sentence:

> The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence

3

imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b).

(DK #14 pg. 3)

Mr. Grant's signature appears under a provision at the end of the agreement stating that

I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending superseding indictment. Further, I fully understand all rights with respect to 18 U.S.C. § 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

(DK #14 pg. 8)

Mr. Grant's counsel signed a similar statement:

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending superseding indictment. Further, I have reviewed 18 U.S.C. § 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

(DK # 14 pg. 9)

4

The parties did not, however, mark each individual page or provision of the plea agreement with their initials to indicate their review and agreement. (DK #14)

The Plea Colloquy

Mr. Grant appeared with his attorney before the Hon. James A. Spencer to enter a plea of guilty in accordance with the plea agreement. The district court questioned Mr. Grant about his age. (DK #33 pg. 3) The court asked what level of formal education Mr. Grant had received. The court also asked about recent treatment for substance abuse and mental health issues, and whether Mr. Grant was presently under the influence of any substance. (DK #33 pgs. 3-4)

The court established with Mr. Grant that he had discussed his case with his counsel and was satisfied with counsel. (DK #33 pg. 4) The court did not, however, confirm with defense counsel that she was satisfied that Mr. Grant understood the charge against him and was competent and able to cooperate with her. (DK #33 pg. 4)

Turning to the plea agreement, the court reviewed the terms with (DK #33 pgs. 5-6) When asked if he understood the agreement, Mr. Grant indicated that he did. (DK #33 pg. 7) The Court did not specifically question Mr. Grant about the appeal waiver, its consequences and his understanding of the appeal waiver. The court also determined that Mr. Grant had entered into the guilty plea voluntarily. (DK #33 pgs. 12-13)

The court reviewed with Mr. Grant the trial rights that he was giving up by pleading guilty: a twelve-person jury, the presumption of innocence, proof beyond a reasonable doubt, a unanimous verdict, protection against self-incrimination, the right to compel the production of witnesses and evidence, and the right to counsel, the right to confront witnesses and cross-examine them. (DK #33 pgs. 11-12)

The court addressed the maximum penalties to which Mr. Grant was subject, correctly stating them. (DK #33 pg. 7) The court explained the sentencing process in federal court (*i.e.*, the application of the U.S. Sentencing Guidelines and consideration of the statutory factors in 18 U.S.C. § 3553(a)). (DK #33 pgs. 9-10)

Before accepting Mr. Grant's guilty plea, the court ensured that Mr. Grant had reviewed the statement of facts, that he had signed and discussed it with his counsel, that he had no questions about his guilty plea, and that he did not need any more time to consider it. (DK #33 pgs. 9-10) After asking Mr. Grant how he was pleading to the charge against him, the court found that Mr. Grant was competent to enter a plea that was voluntarily, knowingly and intelligently made, and that there was an independent factual basis to support the plea. (DK #33 pg. 12)

Mr. Grant did not seek to withdraw his plea at any time in the district court, either before or after sentencing.

The Presentence Report and Sentencing Hearing

Following Mr. Grant's guilty plea, the probation office prepared a presentence report. The probation officer assigned an offense level of 29, based on a base offense level of 22 pursuant to U.S.S.G. § 2D1.1 and the application U.S.S.G. § 4B1.1, finding that Mr. Grant was a career offender. This raised the level to 32. Three points were subtracted for acceptance of responsibility resulting in a level 29, criminal history category VI with an advisory guideline range of 151-188 months. (DK #19 pgs. 7 and 31). Neither the government nor the defense had any objections to the presentence report. (DK #21 and DK #22)

The government requested a sentence within the advisory guideline range. The defense requested a variant sentence of 63-78 months. (DK #22 pg. 5 and DK #21 pg.)

Before imposing sentence, the court offered Mr. Grant the opportunity to allocute, which he took. Mr. Grant apologized to the Court for is actions. His allocution in it entirety is at (DK #32 pgs. 10-12).

After hearing the arguments of counsel and Mr. Grant's statement, the Court imposed a sentence of 120 months imprisonment. The Court set forth the reasons for its sentence in detail. (DK #32 pgs. 12-16)

The court also ordered Mr. Grant to pay a special assessment of $100, but found Mr. Grant unable to pay any fine. (DK #32 pgs. 14). After the sentence was

7

announced, the two remaining counts of the indictment were dismissed. (DK #32 pg. 16)

## SUMMARY OF ARGUMENT

Pursuant to *Anders*, counsel present the following arguments for this Court's review.

I.  In order to enforce a waiver of appeal, this Court must find that the defendant knowingly and intelligently entered into the waiver, based on the Court's review of all the facts and circumstances of the case, including the defendant's background and education. This Defendant has a GED and was not specifically questioned by the Court regarding the meaning and implications to him of an appeal waiver.

II. The Court committed plain error in finding that the Appellant was a career offender under U.S.S.G. § 4B1.1 because he received a suspended sentence on one of his drug offenses and was not sentenced to any period of incarceration.

## ARGUMENT

I. MR. GRANT DID NOT KNOWINGLY AND VOLUNTARILY WAIVE HIS RIGHT TO APPEAL HIS SENTENCE

   A.  <u>Standard of Review</u>

This Court reviews de novo the validity of a defendant's waiver of appeal, as it is a question of law. *United States v. Manigan*, 592 F.3d 621, 626 (4th Cir. 2010);

8

*United States v. General*, 278 F.3d 389, 399 (4th Cir. 2002); *United States v. Brown*, 232 F.3d 399, 403 (4th Cir. 2000). In determining whether that waiver was knowingly and intelligently made, the Court examines the particular facts and circumstances of the case and considers the totality of circumstances. *United States v. Cohen*, 459 F.3d 490, 404 (4th Cir. 2006); *United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995).

B.  Discussion

This Court should find the appeal waiver in this case to be unenforceable. The record does not show that the Court specifically questioned Mr. Grant about the appeal waiver and elicited from him a specific statement that he understood the appeal waiver and its full implications.

This Court has long accepted that a defendant may, as part of an agreement to plead guilty, waive the right provided in 18 U.S.C. § 3742(a) to appeal his sentence. *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). "Such a waiver, however, is effective only insofar as it is the result of a knowing and intelligent decision to forego the right to appeal." *United States v. Wessells*, 936 F.2d 165, 167 (4th Cir. 1991). Whether a defendant's decision was knowing and intelligent depends "upon the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct" of the defendant. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), *quoted in United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992);

9

*see also United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005) (same); *General*, 278 F.3d at 400 (same); *Broughton-Jones*, 71 F.3d at 1146 (same); *United States v. Attar*, 38 F.3d 727, 731 (4th Cir. 1994) (same).

This Court should find that the waiver of appeal rights by Mr. Grant was invalid because the district court did not specifically discuss it with him, did not elicit from him that he fully understood and did question his defense counsel regarding advice to Mr. Grant about his waiver. The district court merely reciting that the plea agreement contains a waiver of appeal is not sufficient to show knowingly, voluntary and intelligent waiver.

Because the record does not establish convincingly that Mr. Grant fully understood the waiver of appeal, and thus did not knowingly and intelligently agree to it. This Court should find the waiver of appeal unenforceable.

II.   WHETHER THE FACTS OF THIS CASE SUPPORTED THE APPLICATION OF THE CAREER OFFENDER ENHANCEMENT UNDER THE SENTENCING GUIDELINES

    A.   <u>Standard of Review</u>

Because Mr. Grant did not object to the application of the career offender designation, this Court reviews his argument on appeal only for plain error. *United States v. Strieper*, 666 F.3d 288, 295 (4th Cir. 2012). Mr. Grant must thus establish that an error (1) was made, (2) is plain (*i.e.*, clear or obvious), and (3) affects his substantial rights. *Id.* Even if he satisfies those elements, the Court may exercise

10

its discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993).

    B.    <u>Discussion</u>

If the application of the career offender guideline was plain error it affected the Appellant's substantial rights because it increased his advisory guideline range from 63-78 to 151-188 months.

The Court granted the defense request for a downward variance and sentenced the Appellant to 120 months incarceration. In doing so, the Court stated "in all likelihood if Mr. Grant was not a career criminal the sentence would be somewhere in the 84-90 months range. But he is a career criminal, so that has to be factored into the sentence I impose." (DK #32 pgs. 12-13) Based on this statement Mr. Grant meets the third prong of the plain error standard in that he was sentenced to more than 90 months i.e 120 months.

Based on the facts and the law in this Circuit, the defense cannot make a non-frivolous argument that the career offender enhancement under § 4B1.1 should not apply. § 4B1.1 states in pertinent part that "A Defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that either a crime of violence or a controlled substance offense; and (3) the defendant has

11

at least two prior felony convictions of either a crime of violence or a controlled substance offense."

For purposes of the career offender guideline a controlled substance offense is defined in U.S.S.G. § 4B1.2 as follows:

"The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacturing, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The presentence report showed that the Appellant was convicted of the following controlled substance offenses:

> Conviction of possession with intent to distribute hydrocodone in the Circuit Court of Richmond in 2011 (DK #19 pgs. 7 and 20)
>
> Conviction for distribution of cocaine in the Circuit Court of Richmond in 2013 (DK #19 pgs. 7 and 21)

The Defendant contends that he should not be treated as a career offender because he was given a suspended sentence on the 2011 conviction (DK #19 pg. 20) and that the 2013 conviction should be treated as a first offense, counsel can find no support for the defendant's position and clearly both convictions were punishable by more than a year.

12

## CONCLUSION

Counsel for Mr. Grant presents this brief to the Court after having examined the record of the case and determining that there are no meritorious grounds for appeal. Under the directive of the *Anders* case, counsel invite the Court to review de novo the entire record and all pertinent documents in this case to determine whether there is any other issue that is not frivolous. Counsel stands ready to brief and argue any issue so identified by the Court.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for appellant believes that the issues in this case are straightforward, but would like the opportunity to present oral argument if the Court determines that argument would be helpful to it in deciding the case.

Respectfully submitted,

ANDREW LEE GRANT

/ s/ Lawrence H. Woodward, Jr.
Lawrence H. Woodward, Jr.
VSB No. 21756
Shuttleworth, Ruloff, Swain,
  Haddad & Morecock, P.C.
317 30TH Street
Virginia Beach, VA 23451
(757) 671-6047 - Telephone
(757) 671-6004 - Facsimile

*Counsel of Appellant*

13

## **CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**
**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains <u>2,840</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a proportional spaced typeface using <u>Word Perfect</u> in <u>14 point Times New Roman</u>.

Dated: February 12, 2016          / s/ Lawrence H. Woodward, Jr.
                                  Lawrence H. Woodward, Jr.

                                  *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on February 12, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES, LLC
P.O. Box 1460
Richmond, VA  23218
(804) 249-7770
